## Peter Hob et al., Defendants in Error, v. A. O'Donnell, Plaintiff in Error.

### Gen. No. 14,328.

DAMAGES—*when unsatisfactory evidence will reverse.* If the evidence in the cause which tends to support the verdict upon the question of damages is unsatisfactory, a reversal will be ordered.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

McARDLE & McARDLE, for plaintiff in error.

STEDMAN & SOELKE, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

It is not deemed necessary or advisable to review in an opinion the evidence in this case, which we have, however, very carefully considered in detail. We think the case should in the interest of justice, be tried again, but we wish to make no other comment on the conflict of evidence than to say that the contradictions, inconsistencies and obscurities apparent in it make the record very unsatisfactory to us and leave us in great doubt whether we ought to have allowed the verdict and judgment to stand, had the damages even been put by the evidence on any sufficient basis. But the absence of such sufficient basis in the testimony is apparent to us. We do not allude to the abstract alone—which in this particular is insufficient and incomplete (Abst. pages 24 to 25), but to the transcript of the record itself. (Rec. pp. 204 to 213.) The only statement of the witness Hob is (Rec. pp. 205 and 207) that the entire labor on the job would be $150 in value. But in questions of counsel $350 and $360 are mentioned as his estimate, and in the

brief of plaintiff in error it is said that Hob testified that the labor was valued at $375, and in the brief of defendant in error that he testified it was worth $350. We are unable to find these statements in the record, and in the abstract there is absolutely nothing of either sum mentioned where Hob's testimony in rebuttal purports to be abstracted. We are not satisfied, moreover, with the course adopted with reference to the order of testimony, although this in itself, perhaps, was not so in excess of the proper discretion of the court as to demand reversal.

But altogether we do not feel justified in allowing the judgment to stand, although we regret the apparent necessity of another trial.

The cost of the abstract will not be taxed against the defendant in error, for reasons that we have briefly alluded to.

The judgment of the Municipal Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*